**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| KIMBERLY D. HEMBREE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 12-01445-CV-W-FJG |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. #2). Pursuant to 28 U.S.C. § 1915(a)(1), this Court may authorize the commencement or prosecution of any suit without prepayment of fees when an applicant files an affidavit stating that he is unable to pay the costs of the lawsuit.

In Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982), the court noted:

> There is a two step process to be followed by the district court in considering whether a pro se plaintiff should be permitted to proceed in forma pauperis. First, a determination of whether the plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is, under § 1915([e]), frivolous or malicious and, if so, to dismiss the complaint.

The district court must exercise its discretion in determining whether an applicant is sufficiently impoverished to qualify under § 1915. Cross v. General Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983), cert. denied, 466 U.S. 980 (1984). Such showing of poverty is sufficient if the applicant would become completely destitute or be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948); Local Rule 83.7(a) (2010).

Plaintiff states that she is married, twenty-eight years old with four dependent

minor children. Plaintiff lists no current or previous employment. Plaintiff states that she and her husband own a home and one vehicle valued at $500.00. Plaintiff states that she has no cash on hand in either her checking or savings accounts. Plaintiff states that she has the following monthly expenses: $540.00 mortgage payment, $400.00 in groceries, $360.00 in utilities, $200.00 gas expense for vehicle. Additionally, plaintiff has the following monthly debts: $250.00 payment for hospital bill, $50.00 month for insurance, $124.00 month for car insurance, $165.00 for car payment, $50.00 for veterinarian bill, $330.00 for two store credit cards.

Although plaintiff has been very detailed in completing the majority of the financial affidavit, plaintiff did not indicate if her husband is presently employed and if so the amount of his net and gross income. Before making a determination regarding plaintiff's Motion for Leave to Proceed in forma pauperis, the Court needs to know if plaintiff's spouse is employed and if so, the amount of income he receives. "In a number of cases, courts have found that the income and assets of close family members are relevant to a determination of indigency under 28 U.S.C. § 1915." Lee v. Wal-Mart Stores, Inc., No. 3:92-CV-465AS, 1993 WL 316756 *3(N.D.Ind. Aug. 18, 1993); see also Brustrom v. Astrue, No. 10-5187, 2010 WL 4683887, *1 (W.D.Ark. Oct. 8, 2010), Helland v. St. Mary's Duluth Clinic Health System, No. 10-31(RHK/RLE), 2010 WL 502781, *1 n.1 (D.Minn. Feb. 5, 2010). Accordingly, it is hereby ORDERED that plaintiff shall file an amended financial affidavit stating whether her spouse is employed and if so, what his net and gross income is on a weekly and monthly basis. Plaintiff shall file the Amended Affidavit with the Court on or before **January 22, 2013**.

Date: <u>January 10, 2013</u>    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri    Fernando J. Gaitan, Jr.
    Chief United States District Judge